UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: HERBAL SUPPLEMENTS MARKETING AND SALES PRACTICES LITIGATION | ) ) ) ) ) ) ) ) ) MDL No. 2519<br>Case No. 15-CV-5070<br>Judge John W. Darrah |

# ORDER

*Interim Order Regarding Preservation*

Duty to Preserve:

(a) The parties shall preserve all documents, data, and tangible things that may be relevant to this action. This duty to preserve includes documents, data, and tangible things in the possession, custody and control of the parties to this action, and any employees, agents, contractors, carriers, bailees, or other nonparties who possess materials reasonably anticipated to be subject to discovery in this action. Counsel is under an obligation to exercise reasonable efforts to identify and notify such nonparties, including employees of corporate or institutional parties.

(b) "Documents, data, and tangible things" is to be interpreted broadly to include writings; records; files; correspondence; reports; memoranda; calendars; diaries; minutes; electronic messages; voicemail; E-mail; telephone message records or logs; computer and network activity logs; hard drives; backup data; removable computer storage media such as tapes, disks, and cards; printouts; document image files; Web pages; databases; spreadsheets; software; books; ledgers; journals; orders; invoices; bills; vouchers; checks; statements; worksheets; summaries; compilations; computations; charts; diagrams; graphic presentations; drawings; films; charts; digital or chemical process photographs; video, phonographic, tape, or digital recordings or transcripts thereof; drafts; jottings; and notes. Information that serves to identify, locate, or link such material, such as file inventories, file folders, indices, and metadata, is also included in this definition.

(c) "Preservation" is to be interpreted broadly to accomplish the goal of maintaining the integrity of all documents, data, and tangible things reasonably anticipated to be subject to discovery under Fed. R. Civ. P. 26, 45, and 56(e) in this action. Preservation includes taking reasonable steps to prevent the partial or full destruction, alteration, testing, deletion, shredding, incineration, wiping, relocation, migration, theft, or mutation of such material, as well as negligent or intentional handling that would make material incomplete or inaccessible.

(d) If the business practices of any party involve the routine destruction, recycling, relocation, or mutation of such materials, the party must, to the extent practicable for the pendency of this order, either
    (1) halt such business processes;
    (2) sequester or remove such material from the business process; or
    (3) arrange for the preservation of complete and accurate duplicates or copies of such material, suitable for later discovery if requested.

(e) A party may apply to the court for further instructions regarding the duty to preserve specific categories of documents, data, or tangible things. A party may seek permission to resume routine business processes relating to the storage or destruction of specific categories of documents, data, or tangible things, upon a showing of undue cost, burden, or overbreadth.

(f) This order may be amended as necessary by order of Court, on the Court's own motion or motion of the parties.

Date: _____July 15, 2015_____      _____
                                                                                               JOHN W. DARRAH
                                                                                               United States District Court Judge