UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: HERBAL SUPPLEMENTS MARKETING AND SALES PRACTICES LITIGATION | ) ) ) ) ) ) ) ) ) MDL No. 2519<br>Case No. 15-CV-5070<br><br>Judge John W. Darrah |

## ORDER

It appearing that the above styled case may merit special attention as complex litigation, the court ORDERS:

1.  *Initial Conference*. There shall be a conference on August 20, 2015, at 10:30 a.m. in Courtroom 1233, United States Courthouse for the Northern District of Illinois.
    (a) *Attendance*. To minimize costs and facilitate a manageable conference, parties are not required to attend the conference either in person or by phone, the conference phone number (888) 684-8852 has been established, with the access code 44336444. Parties with similar interests may agree to the extent practicable on a single attorney to act on their joint behalf at the conference. A party will not, by designating an attorney to represent its interests at the conference, be precluded from other representation during the litigation; and attendance at the conference will not waive objections to jurisdiction, venue, or service.
    (b) *Notice.* Parties shall notify the Deputy Clerk, Melanie Foster, at Melanie_Foster@ilnd.uscourts.gov as to whether they will be attending in person or by p hone and whether they are acting on behalf of other parties or if another party is acting on their behalf. Said notice shall be provided no later than seven (7) days before the conference and shall identify the case or cases involved and the attorneys.
    (c) *Service List*. This order is being transmitted to all counsel listed on the electronic docket for this case. Counsel on this list are requested to forward a copy of the order to other attorneys who should be notified of the conference. An amended service list may be prepared after the conference.
    (d) *Other Participants*. Persons who are not named as parties in this litigation but may later be joined as parties or are parties in related litigation pending in other federal and state courts are invited to attend in person or by counsel.

2.  *Purposes and Agenda*. The requirements of Fed. R. Civ. P. 16(a), 16(b), 16(c), and 26(f) will be discussed. A tentative agenda may be provided. Counsel are encouraged to advise the court as soon as possible of any items that should be added to the agenda.

3. *Preparations for Conference*
    (a) *Procedures for Complex Litigation.* Counsel shall be prepared to suggest and discuss procedures that will facilitate the just, speedy, and inexpensive resolution of this litigation. The Manual for Complex Litigation, Fourth, contains recommendations and suggested procedures to achieve these goals.
    (b) *Initial Conference of Counsel.* Counsel shall be prepared to discuss a proposed discovery plan under Rule 26(f) and a suggested schedule under Rule 16(b) for joinder of parties, amendment of pleadings, consideration of any class action allegations, motions, and trial.
    (c) *Preliminary Reports.* Counsel will submit to the court by August 6, 2015, a brief written statement of the facts involved in the litigation and the material factual and legal issues. These statements will not be filed with the clerk, will not be binding, will not waive claims or defenses, and may not be offered into evidence against a party in later proceedings.
    (e) *List of Pending Motions.* Counsel's statement shall list all pending motions.
    (f) *List of Related Cases.* Counsel's statement shall list all related cases pending in state or federal court and their current status, to the extent known.
    (d) *List of Affiliated Companies and Counsel.* To assist the court in identifying any problems of recusal or disqualification, counsel will file, by August 6, 2015, a list of all companies affiliated with the parties and all counsel associated in the litigation.

4. *Interim Measures.* Until otherwise ordered by the court:
    (a) *Admission of Counsel.* Attorneys admitted to practice and in good standing in any United States District Court are admitted *pro hac vice* in this litigation. Association of local co-counsel is not required.
    (b) *Pleadings.* Each defendant is granted an extension of time for responding by motion or answer to the complaint(s) until a date to be set at the conference.
    (c) *Pending and New Discovery.* Pending the conference, all outstanding disclosure and discovery proceedings are stayed and no further discovery shall be initiated. This order does not (1) preclude voluntary informal discovery regarding the identification and location of relevant documents and witnesses; (2) preclude parties from stipulating to the conduct of a deposition that has already been scheduled; (3) prevent a party from voluntarily making disclosures, responding to an outstanding discovery request under Federal Rule of Civil Procedure 33, 34, or 36; or (4) authorize a party to suspend its efforts in gathering information needed to respond to a request under Rule 33, 34, or 36. Relief from this stay may be granted for good cause shown, such as the ill health of a proposed deponent.
    (d) *Preservation of Records.* All parties have a duty to preserve evidence as provided in a separate order entered contemporaneously herewith.
    (e) *Motions.* No motion shall be filed under Rule 11, 12, or 56 without leave of court and unless it includes a certificate that the movant has conferred with opposing counsel in a good-faith effort to resolve the matter without court action.
    (f) *Orders of Transferor Courts.* All orders by transferor courts imposing dates for pleading or discovery are vacated.

5. *Later Filed Cases.* This order shall also apply to related cases later filed in, removed to, or transferred to this court.

6. *Applications for Lead and Liaison Counsel Appointments.* The court intends to appoint plaintiffs' lead counsel and/or a plaintiffs' steering committee, as well as plaintiffs' liaison counsel. Applications for these positions must be filed with the clerk's office on or before August 6, 2015. The court will only consider attorneys who have filed a civil action in this litigation. The main criteria for these appointments are (1) willingness and ability to commit to a time-consuming process; (2) ability to work cooperatively with others; (3) professional experience in this type of litigation; and (4) access to sufficient resources to advance the litigation in a timely manner. Applications should also set forth attorney fee proposals, rates, and percentages that applicants expect to seek if the litigation succeeds in creating a common fund.

Date: _____ July 15, 2015 _____   /s/ _____
JOHN W. DARRAH
United States District Court Judge